IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELWIN GREEN, JR., | ) | CASE NO. 3:17 CV 1576 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Elwin Gerald Green, Jr., for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated July 27, 2017.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 7.

[6] ECF # 11.

parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10] At the oral argument, counsel for the Commissioner referred to a recent decision in this district entered after briefing had closed.[11] The Court granted Green's counsel leave to file a supplemental brief addressing that case.[12] Green filed timely the supplemental brief.[13]

## Facts

**A.   Background facts and decision of the Administrative Law Judge ("ALJ")**

Green, who was 51 years old at the time of the administrative hearing,[14] has an 8th grade education, is single, and lives with his mother.[15] He has no past relevant work experience.[16]

---

[7] ECF # 13 (Commissioner's brief); ECF # 12 (Green's brief).

[8] ECF # 13, Attachment 1 (Commissioner's charts); ECF # 12, Attachment 1 (Green's charts).

[9] ECF # 12, Attachment 2 (Green's fact sheet).

[10] ECF # 18.

[11] ECF # 19.

[12] *Id.*

[13] ECF # 20.

[14] ECF # 10, Transcript ("Tr.") at 42.

[15] *Id.* at 42-43.

[16] *Id.* at 28.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Green had severe impairments consisting of a history of amputation of the right foot with re-attachment and osteoarthritis of the right ankle (20 CFR 416.920(c)).[17] The ALJ made the following finding regarding Green's residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant: can stand and walk 4 hours in an 8 hour workday; can occasionally push and pull with his right lower extremity; can occasionally climb ramps and stairs; can never climb ladders ropes and scaffolds; can frequently stoop; can never kneel or crawl; can occasionally crouch; and can never be exposed to unprotected heights, dangerous moving mechanical parts, operate a motor vehicle, work with hazardous equipment, or be exposed to uneven terrain.[18]

Green has no past relevant work history.[19]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed nationally that Green could perform.[20] The ALJ, therefore, found Green not under a disability.[21]

**B.     Issue on judicial review**

---

[17] *Id.* at 21.

[18] *Id.* at 24.

[19] *Id.* at 28.

[20] *Id.*

[21] *Id.* at 29.

Green asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Green presents the following issue for judicial review:

- "The ALJ erred when he failed to include a limitation based on plaintiff's use of a cane in his hypothetical to the vocational expert or to properly explain why a cane was not medically necessary for standing and walking in the workplace."[22]

The Court recommends that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

---

[22] ECF # 12 at 1.

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[23]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[24] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[25]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    Application of standards**

This is a difficult case with a narrow focus: does substantial evidence support the ALJ's decision to exclude from the RFC the need to use a cane for walking?

There are several important facts to which there is no dispute that bear mention at the outset.

- Dr. Badik, Green's primary care physician, prescribed a cane on August 22, 2014.

- In this supplemental security income case, Green originally alleged an onset date that predated the date of application. The original relevant period began to run as of the date of application – September 11, 2013. At the hearing before the ALJ,

---

[23] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[24] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[25] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

>Green's counsel amended the onset date to the date of the cane prescription – August 22, 2014.

- All of the source opinions predate the amended onset date.

- Treatment notes show some worsening of Green's right ankle impairment in the months before the prescription.

- There is no reference to use of the cane in treatment notes after the prescription.

- The ALJ mistakenly states that Green did not use a cane at the hearing. He did.

Green's argument is similar to that in many remand cases in reverse. On remand, plaintiffs argue that post-decision evidence should relate back to establish the severity of and limitations from an impairment before the date of decision. In this case, Green argues that the evidence pre-amended onset date should relate forward to establish severity and limitations.

During oral argument, counsel for the Commissioner cited Judge Knepp's recent decision in *Cruz-Ridolfi v. Commissioner of Social Security*,[26] issued after the completion of briefs. There, as here, a physician prescribed a cane.[27] And, as here, the ALJ did not include the use of the cane in the RFC.[28] But, unlike here:

---

[26] *Cruz-Ridolfi v. Comm. of Soc. Sec.*, No. 1:17 CV 1075, 2018 WL 1136119 (N.D. Ohio Feb. 12, 2018), *report and recommendation adopted by* 2018 WL 1083252 (N.D. Ohio Feb. 28, 2018).

[27] *Id.* at *15.

[28] *See id.*

-6-

> . . .the ALJ [] considered Plaintiff's cane usage, but found the record inconsistent on this point:
>
>> Finally, it should be noted that there are inconsistencies in the record. For example, the claimant was prescribed a three-pronged cane by Van Warren, M.D. on September 2, 2015 due to complaints of balance problems and she was using it when seen by Augusto Juguilon, M.D. on September 15, 2015. However, Dr. Juguilon noted on October 12, 2015 that she walked unassisted. . . .
>
> Moreover, earlier in her decision, that ALJ noted Plaintiff "has also demonstrated a normal gait on most occasions.". . .
>
> The ALJ was correct that there was significant inconsistency in the record regarding Plaintiff's need for a cane / gait limitations. Although there was certainly evidence in the record to support cane usage and that Plaintiff had falls and balance issues . . . there was also substantial contrary evidence. . . . Thus, the ALJ's decision reflects that she considered the evidence of Plaintiff's cane usage, and ultimately found it not fully credible due to inconsistencies in the record.²⁹

In this case, although there likewise is inconsistent evidence in the record regarding Green's need for a cane and gait limitations, the ALJ did not specifically acknowledge those inconsistencies and resolve the conflicts in the evidence.³⁰ Instead, the ALJ selectively – and improperly³¹ – discussed evidence supporting his conclusion while ignoring a contrary line

---

²⁹ *Id.* at 15-16.

³⁰ Tr. at 25-28.

³¹ *See Watkins v. Comm. of Soc. Sec.*, No. 1:16-cv-2643, 2017 WL 6419350, at *8 (N.D. Ohio Nov. 22, 2017) ("Finally, a district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [when] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'") (citing and quoting *Fleischer v. Astrue,* 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011), *report and recommendation adopted by* 2017 WL 6389607 (N.D. Ohio Dec. 14, 2017). *See also Schrader v. Astrue*, No. 11-13000, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or

of evidence. For example, the ALJ discussed evidence supporting his conclusions from consultive examiner Kevin Smith, M.D.'s report, but ignored Dr. Smith's notations of calf atrophy in both legs in the same report.[32] Likewise, the ALJ selectively included evidence from Dr. Badik's treatment records regarding Green's ADLs and non-use of a cane after its prescription, but ignored notations regarding Green's antalgic gait,[33] gait abnormality[34] and that he was walking with his foot rotated externally.[35]

Furthermore, the ALJ erred in his restatement of the evidence he relied on to discount Green's need for a cane. For example, the ALJ said Green did not use a cane at the hearing,[36] although he did.[37] The ALJ also highlighted that Green could care for his elderly mother "without assistance, which can be quite demanding, both physically and emotionally"[38] while ignoring the fact that Green's mother was living in a nursing home.[39]

---

merely overlooked.").

[32] Tr. 290, 292.

[33] *Id.* at 323, 333.

[34] *See, e.g., id.* at 335.

[35] *Id.* at 320, 330.

[36] *Id.* at 27.

[37] *Id.* at 46.

[38] *Id.* at 27.

[39] *Id.* at 334.

It also bears mentioning that in 2014 the state agency reviewers, initially and on reconsideration, found Green capable only of sedentary work.[40] The ALJ again omitted any reference to or discussion of these contrary findings in his opinion, even though he gave great weight to the RFC assessments in the DDEs.[41] Green's counsel argued at the hearing that if Green was limited to sedentary work, he would grid out.[42] Therefore, the ALJ's errors regarding the RFC were not harmless.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Green had no disability. Accordingly, I recommend that the decision of the Commissioner denying Green's supplemental security income be reversed and remanded for proper consideration of the evidence regarding Green's use of a cane and gait abnormalities in assessing Green's RFC.

Dated:  June 25, 2018                           s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

[40] *Id.* at 72-73, 85-86.

[41] *Id.* at 27.

[42] *Id.* at 40.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[43] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).